IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donald Lykins, | : |
| | :   Case No. 1:13-mc-11 |
|     Plaintiff, | : |
| v. | : |
| Citicorp Credit Services, Inc. (USA), | : |
|     Defendant. | : |

## O R D E R

This matter is before the Court on Plaintiff Donald Lykins' motion to vacate arbitration award (Doc. No. 1). For the reasons that follow, Plaintiff's motion is not well-taken and is **DENIED.**

Plaintiff's employment contract with Defendant Citicorp Services, Inc. (USA) ("Citicorp") required the parties to submit any disputes arising out the employment relationship to binding arbitration. After Citicorp terminated Plaintiff in 2009, allegedly on the grounds of unsatisfactory performance, he initiated arbitration proceedings in which he alleged that Citicorp terminated him because of his age in violation of the Age Discrimination in Employment Act. In April 2011, Plaintiff moved the arbitrator to amend his complaint on the basis that documents recently produced by Citicorp showed that he was also terminated in retaliation for his complaints of age discrimination. Doc. No. 1-1, at 23.

In June 2011, the arbitrator issued a written decision denying Plaintiff's motion to amend his complaint in arbitration. Doc. No. 1-1, at 24-25. The arbitrator cited several

1

reasons for his decision. First, the arbitrator was concerned that adding a new claim would result in disrupting a scheduling order that had been amended four times already. Second, the arbitrator thought that Citicorp would suffer an undue burden by having to prepare a new defense. Third, granting leave to amend at that point in the proceedings would be contrary to the policy that arbitration is supposed result in prompt disposition of disputes. Fourth, Plaintiff failed to indicate that the evidence on which the proposed amendment was based was in fact newly-discovered. The arbitrator concluded, therefore, that Plaintiff's request to amend his complaint was "too late." Id. at 25. Despite Plaintiff's assurances that adding a retaliation claim would not further delay completion of discovery or further prolong the proceedings, the arbitrator denied subsequent requests to reconsider his decision denying leave to amend.

Plaintiff's age discrimination claim ultimately proceeded to a five day trial before the arbitrator during June and August 2012. In November 2012, the arbitrator issued a written award finding that age was not a determining factor in Citicorp's decision to terminate Plaintiff and dismissing his claim. Doc. No. 1-1, at 16. The arbitrator stated further that "This award is in full settlement of all claims and counterclaims submitted to this arbitration. Any claims or counterclaims not expressly granted herein are hereby denied." Id.

Plaintiff then filed a timely motion with this Court to vacate the arbitrator's award pursuant to 9 U.S.C. § 10 on the grounds that the arbitrator was guilty of misconduct and/or abused his power by not permitting him to amend his complaint to assert a

retaliation claim.[1]

The Federal Arbitration Act presumes that arbitration awards will be confirmed. Andersons, Inc. v. Horton Farms, Inc., 166 F.3d 308, 328 (6th Cir. 1998). A court is authorized to vacate an arbitrator's award only in a narrow set of circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Plaintiff's motion to vacate the arbitrator's award in this case rests on subsections 10(a)(3) and/or 10(a)(4) in that he claims that the arbitrator was either guilty of misconduct or exceeded his powers by denying his motion to amend the complaint in arbitration to add a retaliation claim. In order to vacate an arbitrator's award under § 10(a)(3), the plaintiff must demonstrate by clear and convincing evidence that the arbitrator had no reasonable basis for his decision. In re Time Const., Inc., 43 F.3d 1041, 1045 (6th Cir. 1995). Vacating an arbitrator's award under § 10(a)(4) requires a demonstration that the arbitrator displayed a manifest disregard for the law. Barrick Enter., Inc. v. Crescent Pet. Inc., 496 Fed. Appx. 614, 619 (6th Cir. 2012). As long as

---

[1] The Court has subject matter jurisdiction to consider Plaintiff's motion to vacate because the parties are diverse and the amount in controversy exceeds $75,000. See Doc. No. 9.

the arbitrator was even arguably acting within the scope of his authority, his decision will not be vacated, even if the court is convinced he committed a serious error.  Id.

Plaintiff in this case cannot meet the high standard to vacate the arbitrator's award.  As recounted above, the arbitrator cited a number of reasons for denying Plaintiff leave to amend his arbitration complaint, all of which find some support on the record.  Specifically, however, Plaintiff did not formally move to amend his complaint until late April 2011, and yet his own affidavit that was filed in support of his motion to amend indicates that he was aware of grounds for a retaliation complaint at least as early as late October 2010.  Doc. No. 1-1, at 30.  Thus, Plaintiff waited at least six months after becoming aware of evidence of retaliation to move to amend his complaint.  Moreover, Plaintiff's affidavit admitted that the delay in moving to amend his complaint was caused by his own attorneys' misunderstanding of the arbitration rules and not due to events outside of his control.  Id. at 32 ¶ 15.  This reasonably supports the arbitrator's implicit conclusion that Plaintiff was dilatory or unduly delayed in moving to amend his complaint.  See, e.g., Glazer v. Chase Home Finance LLC, 704 F.3d 453, 459 (6th Cir. 2013) ("A party who delays in seeking an amendment once the need to amend becomes apparent is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.") (internal quotation marks omitted) (quoting 6 Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1488, p. 764 (3d ed. 2010)).

Moreover, Plaintiff has not disputed the arbitrator's finding that the trial schedule had been amended four times previously and, for that reason, he would not grant leave to amend due to concerns that the schedule would have to be amended again.  Plaintiff has not explained why the arbitrator was required to accept his assurances that the

4

schedule would not need to be changed if his motion to amend were granted, and indeed, it appears that he subsequently did move to continue the hearing date again. Doc. No. 1-1, at 38-39.  Plaintiff has not explained why the arbitrator's determination that Citicorp would likely need additional discovery on the new claim, and thus disrupt the hearing schedule again, was unreasonable or unsupported by the record.

In summary, Plaintiff has failed to show that the arbitrator's decision denying him leave to amend his arbitration complaint was without a reasonable basis or displayed manifest disregard of the law.  Accordingly, Plaintiff's motion to vacate the arbitrator's award is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date May 13, 2013                                         s/Sandra S. Beckwith
                                                    Sandra S. Beckwith
                                                    Senior United States District Judge